UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

CHARLIE BELL, SR., )
    *Plaintiff*, )
)
v. ) No. 1:22-cv-00056-KAC-CHS
)
HIGH TECH TRANSMISSION and )
AUTO CENTER, JASON REID, d/b/a )
High Tech Transmission and Auto Center, )
    *Defendants*. )

## REPORT AND RECOMMENDATION

### I. Introduction

Plaintiff Charlie Bell, Sr., *pro se*, has filed an application to proceed *in forma pauperis* [Doc. 1]. Because the undersigned concludes that the Court lacks subject matter jurisdiction in this case, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice and that the application to proceed *in forma pauperis* be **DENIED** as moot.

### II. Facts

Plaintiff Charlie Bell Sr. brings this action against Defendants Jason Reid and High Tech Transmission & Auto Center ("High Tech"). Mr. Reid is apparently the owner of High Tech which is located in Chattanooga, Tennessee. Plaintiff Bell alleges that he paid Mr. Reid $2,500.00 to repair the transmission in his 1992 Dodge Dakota truck, but, after several attempts, the truck is still not repaired. [Doc. 2, Complaint at Page ID # 12]. Plaintiff seeks reimbursement of his payment to Defendant, plus costs and expenses caused by Defendant's failure to repair his truck. Defendant also seeks a penalty of $2,000 a day for every day that his truck is not running and another $10,000 in punitive damages. [*Id*. at Page ID # 12-13]. Plaintiff Bell resides in

Chattanooga, Tennessee. [*Id*. at Page ID # 11]. The Complaint does not provide an address for Mr. Reid.

### III.     Discussion

This Court has the responsibility to screen all actions filed by plaintiffs—including non-prisoners seeking *in forma pauperis* status—and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addition, "federal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists." *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998).

Federal courts are courts of limited jurisdiction with authority to address matters sanctioned only by federal statute and the Constitution. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests on the party asserting jurisdiction." *Id.* (citations omitted). Consequently, Plaintiff bears the burden of establishing that this Court has jurisdiction to rule upon the matters raised in his complaint.

Plaintiff has referenced no federal statute or constitutional provision under which his claims are based. Consequently, he has not met his burden to demonstrate that this Court has subject matter jurisdiction under 28 U.S.C. § 1331.[1]

To the extent that Plaintiff seeks to bring claims under Tennessee law, the Court also finds that it lacks subject matter jurisdiction to adjudicate such claims. An alternative way for Plaintiff to establish that the federal court has subject matter jurisdiction is to demonstrate "diversity of

---

[1] 28 U.S.C. § 1331 provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

citizenship." To establish original jurisdiction through diversity of citizenship, the amount in controversy must exceed $75,000 and the parties must be citizens of different states. 28 U.S.C. § 1332(a).[2] Federal diversity jurisdiction requires complete diversity—no defendant may be a citizen of the same state as any plaintiff. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978); *Gray v. Bush*, 628 F.3d 779, 783 (6th Cir. 2010). Since Defendant High Tech Transmission is a citizen of Tennessee—just as Plaintiff is—complete diversity of citizenship between Plaintiff and Defendants cannot exist. Consequently, there is no basis for this Court to exercise subject matter jurisdiction through diversity of citizenship pursuant to 28 U.S.C. § 1332. The Court can find no other basis for subject matter jurisdiction, and concludes that such jurisdiction does not exist. To the extent Plaintiff has a valid claim, such claim must be litigated in an appropriate state court rather than in federal court.

## IV. Conclusion

For the reasons stated herein, it is **RECOMMENDED**[3] that this action be **DISMISSED** without prejudice for lack of subject matter jurisdiction and the application for *in forma pauperis* status be **DENIED** as moot.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[2] 28 U.S.C. § 1332 provides in relevant part, "(a) the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between—(1) citizens of different States . . . ."

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).